T|B LAW
THOMAS A. BUCKLEY (#131811)
1991 VILLAGE PARK WAY, SUITE 202
ENCINITAS, CA 92024
(760) 634-7960
(760) 634-7961 FAX
Tbuckley@callawoffice.com

Attorneys for Plaintiff
STEPHANIE WONG

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Bankruptcy No. 2:25-bk-17828-BB |
| Ben Armando Benavides, | Chapter 7 |
| Debtor. | Adversary No. _____ |
| | COMPLAINT TO DETERMINE NONDISCHARABILITY OF DEBT |
| Stephanie Wong, | |
| Plaintiff, | |
| v. | |
| Ben Armando Benavides, | |
| Defendant. | |

-1-
Complaint

Plaintiff-Creditor Stephanie Wong ("Plaintiff"), as and for her

Complaint against Defendant-Debtor Ben Armando Benavides (the

"Debtor"), respectfully alleges:

JURISDICTION

1.      On September 5, 2025, the Debtor filed a voluntary petition (the

"Petition") for relief under chapter 7 of Title 11 of the United States Code

(the "Bankruptcy Code") in the United States Bankruptcy Court for the

Central District of California.

2.      On October 9, 2025, the Debtor's duly noticed meeting of creditors

was held pursuant to Section 341(a) of the Bankruptcy Code (the "Section

341 Meeting").

3.      As of the date of this Complaint the Debtor has not been granted a

discharge.

4.      This Complaint is timely because the date by which a Complaint to

determine dischargeability of a debt expires on December 8, 2025.

5.      This is an adversary proceeding in which the plaintiff-creditor is

objecting to the discharge of a certain debt and is seeking a determination as

to the dischargeability of the debt under Bankruptcy Code §§523(a)(2)(A),

523(a)(4), 523(a)(6).

6.      The Court has jurisdiction over this adversary proceeding pursuant to

28 U.S.C. §1334 and Bankruptcy Code §523.

7.     This case is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and 157(b)(2)(J).

PARTIES

8.     Plaintiff is a natural person and a judgment creditor of the Debtor.

9.     Defendant is the Debtor in the above-captioned case and at all relevant times has resided in Los Angeles County.

10.    In 2017 and thereafter, Defendant was a licensed contractor who provided construction services and property management services to Plaintiff with respect to Plaintiff's rental properties at 38902 and 38904 Rambler Ave., Palmdale, CA, and 44254 Beech Ave., Lancaster, CA.

11.    During the time in which Defendant provided the foregoing services, Defendant willfully, intentionally, illegally, fraudulently, and maliciously, charged for, collected, stole, embezzled, misappropriated, and converted money from Plaintiff for materials not yet delivered and work not yet completed for his own personal gain, use, and benefit.  Furthermore, Defendant willfully, intentionally, illegally, fraudulently, and maliciously collected, stole, embezzled, misappropriated, and converted money consisting of rents due and belonging to Plaintiff by collecting rents from Plaintiff's tenants that belonged to Plaintiff and keeping it without remitting

it to Plaintiff for his personal gain, use, and benefit.  By doing so, Defendant obtained money from Plaintiff by false pretenses, false representations, and actual fraud; by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; and by acting willfully and maliciously.

12.     On January 13, 2022, Plaintiff filed a complaint against Defendant (the "Complaint") in the Los Angeles Superior Court for damages arising out of the matters alleged above in the action styled Wong v. Benavides, LASC Case No. 22AVCV00043.  A true and correct copy of the Complaint is attached hereto as Exhibit ("Ex.") 1 and incorporated herein by reference.

13.     On September 18, 2022, judgment by default (the "Judgment") was entered against Defendant and in favor of Plaintiff for $70,549.35.  A true and correct copy of the Judgment is attached hereto as Ex. 2 and incorporated herein by reference.  The Judgment has not been appealed, vacated, or modified, and now is final and not satisfied in whole or part.

COUNT I -- NON-DISCHARGEABILITY OF<br>THE JUDGMENT UNDER SECTION<br>523(a)(2)(A) OF THE BANKRUPTCY CODE

14.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 13 of this Complaint as if set forth at length herein.

15.     Bankruptcy Code §523(a)(2)(A) provides, in relevant part, that:

(a)     A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of

this title does not discharge an individual debtor from any debt--

(2)     for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --

(A)     false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

16.     All or part of the debt owed to Plaintiff, as evidenced by the Judgment, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §§523(a)(2)(A).

COUNT II -- NON-DISCHARGEABILITY OF
THE JUDGMENT UNDER SECTION
523(a)(4) OF THE BANKRUPTCY CODE

17.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 16 of this Complaint as if set forth at length herein.

18.     Bankruptcy Code §523(a)(4) provides, in relevant part, that:

(a)     A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(4)     for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . .

19.     All or part of the debt owed to Plaintiff, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Bankruptcy Code § 523(a)(6).

COUNT III -- NON-DISCHARGEABILITY OF
THE JUDGMENT UNDER SECTION
523(a)(6) OF THE BANKRUPTCY CODE

20.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 19 of this Complaint as if set forth at length herein.

21.     Bankruptcy Code §523(a)(6) provides, in relevant part, that:

(b)     A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

(6)     or willful and malicious injury by the debtor to another entity or to the property of another entity . . .

22.     All or part of the debt owed to Plaintiff, as evidenced by the Judgment, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code §523(a)(6).

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment determining that the debt reflected in the Judgment is non-

dischargeable under Bankruptcy Code §§523(a)(2)(A), 523(a)(4), and 523(a)(6), and granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  December 4, 2025

T|B Law


By: */s/ Thomas A. Buckley*
Thomas A. Buckley

Attorneys for Plaintiff

EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2022 10:46 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas,Deputy Clerk

Case 2:25-ap-01402-BB   Doc 1   Filed 12/08/25   Entered 12/08/25 16:26:57   Desc
Main Document   Page 9 of 23

Assigned for all purposes to: Michael Antonovich Antelope Valley Courthouse, Judicial Officer: Wendy Chang

John L. Palmer, Law Office
John L. Palmer, SBN 206981
11 Esternay Drive
Foothill Ranch, CA 92610
Phone: 949-922-7883
Email: johnp@bucherpalmer.com
Attorneys for: Plaintiff, Stephanie Wong

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, ANTELOPE VALLEY COURTHOUSE

| | |
|---|---|
| STEPHANIE WONG, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>BEN ARMANDO BENAVIDES, an Individual, dba BENAVIDES CONSTRUCTION SERVICES; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 22AVCV00043<br>Judge:<br>Dept.<br><br>**UNLIMITED CIVIL CASE**<br><br>**COMPLAINT FOR:**<br>**1.) BREACH OF CONTRACT;**<br>**2.) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**3.) UNJUST ENRICHMENT;**<br>**4.) IMPOSITION OF CONSTRUCTIVE TRUST;**<br>**5.) CONVERSION.** |

Plaintiff, STEPHANIE WONG, (hereinafter "Plaintiff"), alleges as follows:

1. On information and belief, Defendant, BEN ARMANDO BENAVIDES, (hereinafter "Benavides" or "Defendant"), is, and at all relevant times, was, an individual with his principal place of business or residence in Los Angeles County, California. Also, on information and belief, Benavides is, and at all relevant times, was, the sole owner of a building construction business that he operates under the fictitious business name of Benavides Construction Services. Further, on information and belief, Benavides is, and at all relevant times, was, the holder of Class B Contractor's License No. 409067.

Complaint                                        1

2. Plaintiff is ignorant of the true names and capacities of defendants sued as DOES 1 - 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when Plaintiff ascertains their true names and capacities. On information and belief, Plaintiff alleges that each of these said defendants is liable to Plaintiff and responsible for damages as set forth below.

3. On information and belief, Plaintiff alleges that, at all relevant times, each of the defendants was the agent, employee, servant, and representative of the remaining defendants and was acting within the purpose and scope of such agency, employment, or contract.

4. Unlimited jurisdiction is proper because the damages in this action will likely exceed $25,000.

5. Venue is proper because, on information and belief, at least one of the defendants resides, or has his or her principal place of business in Los Angeles County.

## STATEMENT OF FACTS

6. Plaintiff's claims against Defendant arise out of work Defendant performed for Plaintiff at two of Plaintiff's rental properties. The subject properties are 38902 & 38904 Rambler Avenue in Palmdale, California, (hereinafter the "Rambler Avenue Property"), and 44254 Beech Avenue in Lancaster, California, (hereinafter the "Beech Avenue Property").

7. One of the tasks that Plaintiff hired Defendant to perform for her at the Rambler Avenue Property is the collection of rents. However, Defendant failed to remit the rent payments in full to Plaintiff. Defendant admitted this in an email, dated June 26, 2019, wherein he stated in pertinent part "This property has more money owed to you, around 20K. I will provide accounting to you on this as well." Defendant has failed to remit these amounts to Plaintiff and has failed to provide the promised accounting despite Plaintiff's demands for payment and for an accounting.

8. Plaintiff hired Defendant to renovate the Beech Avenue property. On or about March 20, 2017, Plaintiff and Defendant executed a written contract for the Beech Avenue Property renovation. Plaintiff has attached to this complaint as Exhibit "A," and incorporates herein by this reference, said renovation contract. The total contract price for the renovation project was $230,000.

9. Defendant performed extensive work on the Beech Avenue Property over a period of several years and Plaintiff paid Defendant more than $200,000 for this work.

Complaint                                  2

10. Despite these substantial payments Defendant failed to complete the renovations on time and within budget.  In addition, the City of Lancaster identified numerous code violations and other deficiencies with the Beech Avenue Property and threatened to take certain legal actions against Plaintiff as a result including filing criminal charges against her.

11. Despite all of this Defendant failed to bring the property up to code.  The amount of outstanding remedial work and the poor quality of most of the repairs that Defendant did make forced Plaintiff sell the Beech Avenue Property at a substantial discount simply to eliminate the problems the property was causing for her.

12. However, to this day, Plaintiff does not know why Defendant failed to complete the renovations properly or what exactly he did with all the money she paid him.  Defendant promised numerous times in writing to provide Plaintiff with an accounting of what he did with the money she paid him.  Notwithstanding his promises, Defendant has failed to provide any accounting for this renovation project.

13. In addition, Defendant acknowledged in writing that Plaintiff paid him $50,000 for work he did not perform at the Beech Avenue Property.  Defendant had decided to hold off on performing that work because Plaintiff was trying to sell the property.  In or about February 2019, Defendant stated in a text, that, "if it sells as is, for $950, I would likely give you back the 50K for work not done yet."  In an email, dated February 18, 2019, Defendant also admitted he owed a refund by saying, he would "refund any monies you paid, where I have not installed yet, if building sold."  Plaintiff did sell the property, but Plaintiff has failed and refused to refund the $50,000 to Plaintiff despite Plaintiff's demand for payment.

## FIRST CAUSE OF ACTION
(For Breach of Contract)

14. Plaintiff incorporates herein by reference paragraphs 1 through 13 above.

15. Plaintiff entered into an oral contract with Defendant to perform certain work for her at the Rambler Avenue Property, including the collection of rents.  Plaintiff entered into a written contract with Defendant to renovate the Beech Avenue Property.

16. Plaintiff has fulfilled all her obligations and has complied with all conditions and agreements in the contracts.

Complaint                                        3

17. Defendant has breached the oral contract for the Rambler Avenue Property by failing and refusing to remit the rent payments in full to Plaintiff.

18. Defendant has breached the written contract for the Beech Avenue Property renovation project by failing to complete the renovations on time and within budget, by failing to bring the property up to code, and by collecting money for work he failed to perform and refusing to refund said excess payments.

19. Defendant has further breached both contracts by failing and refusing to provide an accounting for the two projects.

20. Defendant's breaches have caused Plaintiff to sustain substantial damages consisting of the approximately $20,000 in rent payments that Defendant collected from tenants at the Rambler Avenue Property but failed to remit to Plaintiff and the $50,000 that Plaintiff paid Defendant for work at the Beech Avenue Property that he did not perform.  On information and belief, Plaintiff believes that an accounting of the two projects will reveal additional damages, in an amount that Plaintiff will prove at trial.

## SECOND CAUSE OF ACTION
(For Breach of the Covenant of Good Faith and Fair Dealing)

21. Plaintiff incorporates herein by reference paragraphs 1 through 20 above.

22. Plaintiff entered into an oral contract with Defendant to perform certain work for her at the Rambler Avenue Property, including the collection of rents.  Plaintiff entered into a written contract with Defendant to renovate the Beech Avenue Property.

23. The implied covenant of good faith and fair dealing, which exists in every contract, imposes on each party the duty to refrain from doing anything that will deprive the other party of the benefits of the contract.

24. Defendant has breached the covenant of good faith and fair dealing for the Rambler Avenue Property contract by failing and refusing to remit the rent payments in full to Plaintiff.

25. Defendant has breached the covenant of good faith and fair dealing for the Beech Avenue Property contract by failing to complete the renovations on time and within budget, by failing to bring the property up to code, and by collecting money for work he failed to perform and refusing to refund said excess payments.

Complaint                                                4

26. Defendant has further breached the covenant of good faith and fair dealing in both contracts by failing and refusing to provide an accounting for the two projects.

27. Defendant's breaches have caused Plaintiff to sustain substantial damages consisting of the approximately $20,000 in rent payments that Defendant collected from tenants at the Rambler Avenue Property but failed to remit to Plaintiff and the $50,000 that Plaintiff paid Defendant for work at the Beech Avenue Property that he did not perform.  On information and belief, Plaintiff believes that an accounting of the two projects will reveal additional damages, in an amount that Plaintiff will prove at trial.

### THIRD CAUSE OF ACTION
(For Unjust Enrichment)

28. Plaintiff incorporates herein by reference paragraphs 1 through 27 above.

29. Plaintiff's performance under the contracts resulted in Defendant's enrichment because Defendant received the benefit of the use of Plaintiff's funds for his own purposes when he refused to remit the approximately $20,000 in rent payments that he collected from tenants at the Rambler Avenue Property and the $50,000 that he received for work at the Beech Avenue Property that he did not perform.

30. Defendant's enrichment came at Plaintiff's expense because Defendant's misappropriation of Plaintiff's funds deprived Plaintiff of the use of those funds.

31. As between Plaintiff and Defendant it would be unjust for Defendant to retain the benefit of his misappropriation because neither the provisions of the contracts, nor any principle of equity, entitle Defendant to retain the benefit of his misappropriation of Plaintiff's funds.  Accordingly, the law entitles Plaintiff to restitution of the benefits that Defendant received from misappropriating Plaintiff's funds.

### FOURTH CAUSE OF ACTION
(For Imposition of Constructive Trust)

32. Plaintiff incorporates herein by reference paragraphs 1 through 31 above.

33. Defendant has wrongfully retained the funds that he misappropriated from Plaintiff.  On information and belief, Defendant knew or should have known that the funds rightfully belonged to Plaintiff.

Complaint                                              5

34. By virtue of his wrongful acts, Defendant holds these funds, as well as any property, assets, or things of value that he acquired with the funds, in a constructive trust for the benefit of Plaintiff.

35. Plaintiff cannot at this time ascertain the value of all the funds, property, assets, or things of value that Defendant holds in constructive trust but, on information and belief, Plaintiff believes the amount is at least $70,000.  Also, on information and belief, the value of the funds, property, assets, and things of value that Defendant holds in constructive trust has appreciated since Defendant misappropriated the funds from Plaintiff.

## FIFTH CAUSE OF ACTION
(For Conversion)

36. Plaintiff incorporates herein by reference paragraphs 1 through 35 above.

37. Plaintiff owns, and has the right to possess, the funds that Defendant misappropriated from Plaintiff.

38. Defendant failed to remit approximately $20,000 in rent payments that he collected from tenants at the Rambler Avenue Property and $50,000 that he received for work at the Beech Avenue Property that he did not perform.  Instead of using the funds for the intended purpose, Defendant has assumed control over the funds by applying said funds to his own use.

39. Defendant's assumption of control over said funds has caused Plaintiff to sustain substantial damages consisting of approximately $70,000.

40. Defendant's assumption of control over Plaintiff's funds was willful and malicious because Defendant acted with the intent to cause damage to Plaintiff, and to enrich himself at Plaintiff's expense.  As a result, Plaintiff may recover exemplary damages in an appropriate amount pursuant to California Civil Code Section 3294(a).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

On the First and Second Causes of Action:

1. For compensatory damages according to proof;

2. For an accounting of the affairs between Plaintiff and Defendant;

3. For late fees and penalties;

4. For interest at the legal rate;

5. For costs and attorney's fees;

Complaint                                   6

6. For such other relief as this court deems just and proper.

On the Third Cause of Action:

1. For restitution to avoid unjust enrichment;

2. For an equitable lien;

3. For interest at the legal rate;

4. For such other relief as this court deems just and proper.

On the Fourth Cause of Action:

1. For an order declaring that the defendant holds in a constructive trust for the benefit of Plaintiff the funds that the defendant misappropriated from Plaintiff, along with all property, assets, and things of value that the defendant acquired with those funds;

2. For an equitable lien;

3. For interest as allowed by law;

4. For reasonable attorneys' fees and costs incurred in the prosecution of this action;

5. For such other relief as this court deems just and proper.

On the Fifth Cause of Action:

1. For Compensatory damages according to proof;

2. For interest as allowed by law;

3. For reasonable attorneys' fees and costs incurred in the prosecution of this action;

4. For restitution;

5. For Punitive Damages in an appropriate amount;

6. For such other relief as this court deems just and proper.

Dated: January 13, 2022                                John L. Palmer, Law Office


By: *John L. Palmer, Esq.*
_____
      John L. Palmer, Esq.,
      Attorney for Plaintiff

Complaint                                        7

# EXHIBIT A

**B**enavides
**C**onstruction
**S**ervices

LIC. #409067

COMMERCIAL • INDUSTRIAL • RESIDENTIAL          ♥ WHERE YOU LIVE... RENOVATE!

## CONSTRUCTION CONTRACT # 17-020

THIS AGREEMENT IS BETWEEN:

___Benavides Construction Services___

License No. ___409067___

___42103 50th St West___

___Quartz Hill, CA 93536___

Phone: _(661) 270-9000_    FAX: _(661) 622-5028_

RE PROJECT: (Owner/Project Information)

Stephanie Wong

44254 Beech Ave.

Lancaster, CA 93534

818-653-5705

**DESCRIPTION OF PROJECT** : Contractor shall furnish all labor, materials and equipment to perform in a workmanlike manner the following scope of work:

 All work shall be per approved drawings and permits. Scope of work includes 11 units, (3- 2 bedroom + 1-bath units and 8- 1 bedroom + 1- bath units all with kitchens)

1.  SEE ATTACHED SCOPE OF WORK DATED MARCH 20, 2017.

2.  _____

Work will commence approximately on or about  WITHIN ONE WEEK FROM PERMIT ISSUANCE..

TIME FOR COMPLETION: The work to be performed by Contractor pursuant to this Agreement shall be substantially completed within _6 MONTHS **from start**_          ( 180 ) days .

PAYMENT: Owner agrees to pay Contractor a total cash price of $_230,000.00_.

Down payment is $_23,000.00_.

Payment Installations as Follows:

All subsequent payments shall be made per submitted invoices, based on construction progress.

**INTEREST:** Overdue payments will bear interest at the rate on 1 ½ % per month.

**See following pages for terms and conditions, a part of this contract agreement.**

1

**B**enavides
**C**onstruction
**S**ervices

Lic. #409067

COMMERCIAL • INDUSTRIAL • RESIDENTIAL

♥ WHERE YOU LIVE... RENOVATE!

March 20, 2017

Scope of work to rehab an 11 unit apartment building located at 44254 Beech Ave. Lancaster, CA 93534
All work shall be in accordance with City of Lancaster building codes and permits.

1. DEMO: Remove all damaged materials from interior of apt. building, including cabinets, toilet, tubs, flooring, doors, wall heaters, and light fixtures.
2. FRAMING:  Replace fire damaged framing structure, per engineered drawings.
3. WINDOWS: Remove all broken glass, frames to remain, install all new vinyl dual glaze retrofit windows.
4. DRYWALL AND PAINT: Patch drywall as needed, apply new paint to all walls, ceiling and trim.
5. DOORS: Install new doors to replace damaged ones, Includes new front doors to all units and two security screen doors at two  entry locations to Apt.
6. CABINETS & COUNTER TOPS: Install all new kitchen and bath cabinets and laminate counter tops to all units.
7. TUB & SURROUND: Install all new fiberglass tubs and surround, to all units, includes new shower valve and trim.
8. TOILET: Install new toilets to all units.
9. SINKS: Install new kitchen sinks and faucets  and bath sinks and faucets to all units.
10. ELECTRICAL: Replace all outlets and switches, replace all light fixtures, includes exterior light fixtures.
11. PLUMBING: Install all new angle stops to all water supply lines, and all new water heaters to all units.
12. WALL HEATERS: Install all new wall unit heaters to all units.
13. ROOFING: Install a new 40 year roof shingle to apartment building.  New roof to be installed over existing roof.  Includes all new flashing.
14. SWAMP COOLERS:  Replace swamp coolers that are damaged or not working.  Includes repair of duct and vents as needed.
15. FLOORING: Install new flooring to all units.  Flooring to be a ~~combination of carpet~~ ALL LAMINATE FLOORING in bedrooms and living rooms and vinyl in kitchen and bath areas. 8w
16. EXTERIOR PAINT:  Paint exterior stucco and wood siding and trim.
17. GARAGE DOORS:  Replace 5 double garage doors and openers and one single door and opener.
18. LAUNDRY AREA: Install shut-off valves for hot and cold water for 3 existing washer connections.

TOTAL COST: $230,000.00 (two hundred thirty thousand  dollars and no cents)
PAYMENT SCHEDULE: 10% deposit, all other payments shall be per invoices submitted.
EXCLUSIONS:  Landscape, irrigation, concrete, masonry, property line fencing, wrought iron work, stucco, exterior work not mentioned above,  re-pipe of plumbing lines, electrical circuit breakers, change out of main electrical panel,  security screen doors at units,  Hazardous materials removal, appliances  or anything not mentioned herein.

42103 50TH ST. W., #3485
QUARTZ HILL, CA 93536

SERVING SOUTHERN CALIFORNIA SINCE 1981
WWW.BCS4U.COM

PHONE: 661-270-9000
FAX: 661-622-5028

## TERMS & CONDITIONS

**Article 1- Changes in the Work.**

A.  Should the Owner, construction lender, or any public body or inspector direct any modification or addition to the work covered by this contract, the contract prices shall be adjusted accordingly.

B.  Modification or addition to the work shall be executed only when a Contract Change Order has been signed by both the Owner and the Contractor. The change in the Contract Price caused by such Contract Change Order shall be as agreed to in writing, or if the parties are not in agreement as to the change in Contract Price, the Contractor's cost of all labor, equipment, subcontracts, and materials, plus a Contractor's fee of 20% shall be the change in Contract Price. The Contract Change Order may also increase the time within which the Contractor is to be completed.

C.  Contractor shall promptly notify the Owner of (1) subsurface or latent physical conditions at the site differing materially from those indicated in the contract, or (2) unknown physical conditions differing materially from those ordinarily encountered and generally recognized as inherent in work of the character provided for in this contract. Any expense incurred due to such conditions shall be paid for by the Owner as added work.

**Article 2- Owner's Responsibilities.**

A.  Owner agrees to allow and provide Contractor and his/her equipment access to the property.

**Article 3- Delays.**

A.  Contractor agrees to start and diligently pursue work through the completion, but shall not be responsible for delays for any of the following reasons: failure of the issuance of all necessary building permits within a reasonable length of time, funding of loans, disbursement of funds into control or escrow, acts of neglect or omission of Owner or Owner's employees or Owner's agent, acts of God, stormy or inclement weather, strikes, lockouts, boycotts, or other labor union activities, extra work ordered by Owner, acts of public enemy, riots or civil commotion, inability to secure material through regular recognized channels, imposition of Government priority or allocation of materials, failure of Owner to make payments when due, or delays caused by inspection or changes ordered by the inspectors of authorized Governmental bodies, or for acts of independent contractors, or other causes beyond Contractor's reasonable control.

**Article 4- Subcontracts.**

A.  The Contractor may subcontract portions of this work to properly licensed and qualified subcontractors.

**Article 5- Taxes and Assessments.**

A.  Taxes and assessments of all descriptions will be paid for by the Owner.

**Article 6- Insurance and Deposits.**

A.  Owner will procure at his own expense and before the commencement of any work hereunder, fire insurance with course of construction, vandalism, and malicious mischief clauses attached, such insurance to be a sum at least equal to the contract price with loss, if any, payable to any beneficiary under any deed of trust covering the project, such insurance to name the Contractor and his subcontractors as additional insured, and to protect Owner, Contractor and his subcontractors and construction lender as their interests may appear; should owner fail to do so, Contractor may procure such insurance as agent for and at the expense of Owner, but is not required to do so. If the project is destroyed or damaged by disaster, accident or calamity, such as fire, storm, earthquake, flood, landslide, or by theft or vandalism, any work done by the Contractor rebuilding or restoring the project shall be paid by the Owner as extra work.

B.  Contractors shall carry Worker's Compensation Insurance for the protection of Contractor's employees during the progress of the work. Owner shall obtain and pay for insurance against injury to his own employees and person's under Owner's discretion and persons on the job site at Owner's invitation.

**Article 7- Rights to Stop Work.**

A.  Contractor shall have the right to stop work if any payment shall not be made, when due, to Contractor under this Agreement; Contractor may keep the job idle until all payments due are received. Failure to make payment within five (5) days of the date due, is a material breach of this Agreement and will entitle contractor to cease any further work.

**Article 8- Clean Up.**

A.  Contractor will remove from owner's property debris and surplus materials created by his operation and leave it in a neat and broom clean condition.

**Article 9- Compliance with Laws.**

A.  In connection with the performance by Contractor of his duties pursuant to this Agreement, Contractor shall obtain and pay for all permits and comply with all federal, state, county, and local laws, ordinances and regulations.

**Article 10- Limited Warranty.**

A.  Contractor hereby warrants its work for a period of 1 year after completion against any defects in workmanship or material. This limited warranty is in lieu of any other warranty express or implied.

**Article 11- Asbestos, Lead, Mold, and other Hazardous Materials.**

A.  Owner hereby represents that Owner has no knowledge of the existence on or in any portion of the premises affected by the project of any asbestos, lead paint, mold (including all types of microbial matter or microbiological contamination, mildew or fungus), or other hazardous materials. Testing for the existence of mold and other hazardous materials shall only be performed as expressly stated in writing. Contractor shall not be testing or performing any work

2

whatsoever in an area that is not identified in the Scope of Work.

B. Unless the contract specifically calls for the removal, disturbances, or transportation of asbestos, polychlorinated biphenyl (PCB), mold, lead paint, or other hazardous substances or materials, the parties acknowledge that such work requires special procedures, precautions, and/or licenses. Therefore, unless the contract specifically calls for same, if Contractor encounters such substances, Contractor shall immediately stop work and allow the Owner to obtain a duly qualified asbestos and/or hazardous material contractor to perform the work or Contractor may perform the work itself at Contractor's option. Contract Term setting forth the time for completion of the project may be delayed.

C. In the event that mold or microbial contamination is removed by Contractor, Owner understands and agrees that due to the unpredictable characteristics of mold and microbial contamination, Contractor shall not be responsible for any recurring incidents of mold or microbial contamination appearing in the same or any adjacent location, subsequent to the completion of the work performed by Contractor. Owner agrees to hold Contractor harmless, and shall indemnify Contractor harmless for any recurrence of mold or microbial contamination. Owner also agrees that Contractor shall not be responsible, and agrees to hold Contractor and indemnify Contractor, for the existence of mold or microbial contamination in any area that Contractor was not contracted to test and/or remediate. Further, Owner is hereby informed, and hereby acknowledges, that most insurers expressly disclaim coverage for any actual or alleged damages arising from mold or microbial contamination. Contractor makes no representations whatsoever as to coverage for mold contamination, though at Owner's additional expense, if requested in writing, Contractor will inquire as to the availability of additional coverage for such contamination or remediation, and if available, will obtain such coverage if the additional premium is paid for by Owner as an extra.

**Article 12- Arbitrations of Disputes:** Any controversy or claim arising out of or related to this Contract, or the breach thereof, shall be settled by binding arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Claims within the monetary limit of the small claims court shall be litigated in such court at the request of either party, so long as both parties limit their right to recovery to the jurisdiction of the small claims court. Any claim filed in small claims court shall not be deemed to be a waiver of the right to arbitrate, and if a counter claim in excess of the jurisdiction of the small claims court is filed in the municipal or superior court, then the party filing in small claims court may demand arbitration pursuant to this paragraph.

**NOTICE:** By initialing in the space below you are agreeing to have any dispute arising out of the matters included in the "Arbitration of Disputes" provision decided by neutral arbitration as decided by California Law and you are giving up any rights you may possess to have the dispute litigated in a court or jury trial. By initialing in the space below, you are giving up judicial rights to discovery and appeal, unless those rights are specifically included in the "Arbitration of Disputes" provision. If you refuse to submit to arbitration after agreeing to this provision, you may be compelled to arbitrate under the authority of the business and professions code or other applicable laws. Your agreement to this arbitration provision is voluntary.

We have read and understand the foregoing and agree to submit to disputes arising out of the matters included in the "Arbitration of Disputes" provision to neutral arbitration.

I AGREE TO ARBITRATION. Owner's Initials _____   I AGREE TO ARBITRATION. Contractor's Initials _____

**Article 13- Special Provisions.** _____

_____

_____

This Contract is hereby enforced as of: _____

Owner: _____ Date: 3·20·17
                    (Owner Sign Here)

Owner: _____ Date: _____
              (If More Than One Owner, Sign Here)

Business Name: ___ BCS, Benavides Construction Services _____

Contractor: _____ Date: 3-20-2017
                    (Contractor Sign here)

3

EXHIBIT 2

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Thomas A. Buckley (131811)
T|B Law
1991 Village Park Way, Suite 202
Encinitas, CA  92024
TELEPHONE NO.: 7606347960     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Stephanie Wong

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Los Angeles

09/18/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ L. Bailey _____ Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 42011 4th St. West
MAILING ADDRESS:
CITY AND ZIP CODE: Lancaster, CA  93534
BRANCH NAME:

PLAINTIFF: Stephanie Wong

DEFENDANT: Ben Armando Benavides

| JUDGMENT | CASE NUMBER: |
|---|---|

**JUDGMENT**

| ☐ By Clerk | ☒ By Default | ☐ After Court Trial |
| ☒ By Court | ☐ On Stipulation | ☐ Defendant Did Not Appear at Trial |

CASE NUMBER:
22AVCV00043

**JUDGMENT**

1. ☒ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)).  Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☒ **Court Judgment** (Code Civ. Proc., § 585(b)).  The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☒ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case.  The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court     ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.**  The jury was waived.  The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*         ☐ Plaintiff's attorney *(name each):*
         (1)                               (1)
         (2)                               (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant *(name each):*         ☐ Defendant's attorney *(name each):*
         (1)                               (1)
         (2)                               (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial.  Defendant was properly served with notice of trial.

   d. ☐ A statement of decision  (Code Civ. Proc., § 632) ☐ was not ☐ was     requested.

**Page 1 of 2**

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]

**JUDGMENT**

CEB
www.ceb.com

Code of Civil Procedure, §§ 585, 664.6

Electronically Received 07/13/2022 07:48 AM

| PLAINTIFF: Stephanie Wong | CASE NUMBER: |
|---|---|
| DEFENDANT: Ben Armando Benavides | 22AVCV00043 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:**      [X] **THE COURT**      [ ] **THE CLERK**

4. [ ]   **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

  a. [X] for plaintiff *(name each):*
    Stephanie Wong

    and against defendant *(names):* Ben Armando Benavides, an individual, dba Benavides Construction Services
    [ ] Continued on Attachment 5a.

  b. [ ] for defendant *(name each):*

  c. [ ] for cross-complainant *(name each):*

    and against cross-defendant *(name each):*

    [ ] Continued on Attachment 5c.

  d. [ ] for cross-defendant *(name each):*

6. **Amount.**

  a. [X] Defendant named in item 5a above must pay plaintiff on the complaint:

| (1) [ ] | Damages | $ | 70,000.00 |
|---|---|---|---|
| (2) [ ] | Prejudgment interest at the annual rate of      % | $ | |
| (3) [ ] | Attorney fees | $ | |
| (4) [ ] | Costs | $ | 549.35 |
| (5) [ ] | Other *(specify):* | $ | |
| (6) | **TOTAL** | $ | 70,549.35 |

  c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| (1) [ ] | Damages | $ | |
|---|---|---|---|
| (2) [ ] | Prejudgment interest at the annual rate of      % | $ | |
| (3) [ ] | Attorney fees | $ | |
| (4) [ ] | Costs | $ | |
| (5) [ ] | Other *(specify):* | $ | |
| (6) | **TOTAL** | $ | 0.00 |

  b. [ ] Plaintiff to receive nothing from defendant named in item 5b.
    [ ] Defendant named in item 5b to recover costs $
    [ ] and attorney fees $

  d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.
    [ ] Cross-defendant named in item 5d to recover costs $
    [ ] and attorney fees $

7. [ ] Other *(specify):*

Date 09/18/2022

[ ] _____
JUDICIAL OFFICER

Date: _____     [ ] Clerk, by _____ , Deputy

**CLERK'S CERTIFICATE** *(Optional)*

(SEAL)

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____ , Deputy

**Page 2 of 2**

JUD-100 [New January 1, 2002]                    **JUDGMENT**

CEB
www.ceb.com